Slip Op. 18 - 6

# UNITED STATES COURT OF INTERNATIONAL TRADE

ÖZDEMIR BORU SAN. VE TIC. LTD. STI.,

     Plaintiff,

v.

UNITED STATES,

     Defendant,

     and

ATLAS TUBE and
INDEPENDENCE TUBE CORPORATION,

     Defendant-Intervenors.

Before:  Gary S. Katzmann, Judge

Court No. 16-00206

## JUDGMENT

The Court has reviewed the United States Department of Commerce's <u>Final Results of Redetermination Pursuant to Court Remand</u> dated December 12, 2017, ECF No. 59 ("<u>Remand Results</u>"), in this action, in which Commerce complied with the Court's opinion and remand order of October 16, 2017, <u>Özdemir Boru San. ve Tic. Ltd. Sti. v. United States</u>, Court No. 16-00206, Slip Op. 17-142, 41 CIT ___, ___ F. Supp. 3d ___ (Oct. 16, 2017).  Commerce recited the Court's holding in the prior opinion and remand order:  "if [Commerce] chooses to maintain its Land for Less than Adequate Remuneration (LTAR) benchmark calculation on remand, it must explain the following: (1) why the high prices for the Istanbul and Yalova Altinova (Yalova) land parcels are not aberrational, and how a simple average of all the land parcel prices used in the land benchmark calculation (<u>i.e.</u>, the dataset) successfully moderates the price disparities; (2) whether the Istanbul

and Yalova land parcels are located in more highly developed areas of Turkey and how that affects the Department's analysis; and (3) why the future usage of the land parcels (i.e., "investment land for industrial usage") is relevant under the applicable provisions of the statute and the regulations." Remand Results at 1–2.  On remand, Commerce determined that "there is a reasonable basis for treating the Istanbul and Yalova land parcels as outliers because (1) the prices of these parcels deviate substantially from the other prices in the dataset, and consequently, (2) the average price of the land parcels in the benchmark is skewed if the Istabul and Yalova land parcels are not removed from the dataset." Id. at 2.  Commerce accordingly removed the two parcels from the dataset, and thus found moot "the other issues raised by the Court, namely the relative levels of development of the land parcels in the benchmark, the importance of a land parcel's future usage in [Commerce's] benchmark selection, and issues involving comparability[.]" Id.

Counsel for plaintiff Özdemir and defendant-intervenors Atlas Tube and Independence Tube Corporation have represented that they have no comments on the Remand Results. See Joint Status Report, Jan. 29, 2018, ECF No. 63.

Now, therefore, upon consideration of the foregoing, it is hereby

**ORDERED** that the Remand Results are sustained, and this case is dismissed.

/s/      Gary S. Katzmann
                    Judge

Dated: February 1, 2018
         New York, New York